IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

NORTHERN DIVISION

**DANIELLE EARVIN #L3421**                                               **PLAINTIFF**

VS.                       CIVIL ACTION NO.: 3:17CV195-DCB-LRA

**PATRICIA TAYLOR**                                                        **DEFENDANT**

### ORDER ADOPTING REPORT AND RECOMMENDATIONS OF MAGISTRATE JUDGE LINDA ANDERSON

Before the Court is Defendant Patricia Taylor's Motion for Summary Judgment (Doc. 34) and United States Magistrate Judge Linda R. Anderson's Report and Recommendation (Doc. 45). No objections have been filed to the Report and Recommendation of the Magistrate Judge. Having reviewed Plaintiff's complaint and Defendant Taylor's Motion for Summary Judgment, the Court agrees that the case should be dismissed with prejudice for failure to exhaust state court remedies and for failing to establish a constitutional claim.

Plaintiff Earvin was housed in the custody of the Mississippi Department of Corrections in the East Mississippi Correctional Facility [EMCF] when he filed suit. Defendant Taylor worked in the kitchen at EMCF as an employee of Trinity Food Services, Inc. Earvin sues under 42 U.S.C. §1983, claiming

that Taylor fired Earvin from the kitchen in retaliation for filing a grievance against Taylor with the Administrative Remedy Program [ARP]. As relief, Earvin asks the Court to remove Taylor from Trinity Food Services and to grant him $15,000 in monetary damages for pain, suffering, and slander. He also asks for his job back.

Magistrate Judge Anderson recommends that Taylor's Motion for Summary Judgment should be entered, noting that "Defendant has provided substantial evidence indicating Earvin did not completely exhaust his administrative remedies before filing this suit. He [Earvin] failed to rebut that evidence, and summary judgment should be entered." Precedent establishes that the plaintiff must fully exhaust his administrative remedies, even if the State fails to respond at any point in the process. See Wilson v. Epps, 776 F.3d 296 (5th Cir. 2015)(holding that a prison's failure to respond at preliminary steps in its grievance process does not relieve a prisoner of the duty to complete the remaining steps). The Supreme Court has confirmed that "unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007). Here, Earvin did not enter the Second Step Appeal of the ARP, failing to complete the grievance process as established by the ARP. Therefore, Earvin failed to exhaust his administrative remedies and cannot bring his claim to federal court.

Magistrate Judge Anderson recommends, in the alternative, that Taylor's Motion for Summary Judgment be entered as the Plaintiff failed to assert a constitutional claim. The Plaintiff did not demonstrate causation linking his firing to the grievance he filed against the Defendant. Therefore, the Plaintiff cannot show that, but for the retaliatory motive, he would not have lost his job. Plaintiff lost his job because of the Records Violation Report [RVR] filed by the Defendant, which could not have been filed in retaliation of the grievance as it occurred *prior* to the Plaintiff filing a grievance.

Accordingly, the Court finds that the case should be dismissed with prejudice for failure to exhaust state court remedies and for failing to establish a constitutional claim.

IT IS HEREBY ORDERED that the Magistrate Judge Linda R. Anderson's Report and Recommendation (Doc. 45) is ADOPTED as the findings and conclusions of this Court;

IT IS FURTHER ORDERED that a Final Judgment dismissing the case with prejudice will be entered on even date herewith;

SO ORDERED this the 16th day of August, 2019.

    __/s/ David Bramlette_____

    United States District Judge